**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**EASTERN DIVISION**

**DOUGLAS WAYNE GRADY**                                       **PLAINTIFF**

**v.**                             **CIVIL ACTION NO. 4:11-cv-149-CWR-LRA**

**MERIDIAN PUBLIC SCHOOL DISTRICT**                        **DEFENDANT**

## ORDER DENYING SUMMARY JUDGMENT

Plaintiff, Douglas Wayne Grady, a former head custodian and bus driver for Meridian Public School District ("the District"), brought this action against the District under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*, on September 9, 2011. Grady alleges that the District failed to pay him appropriate regular and overtime wages from 2009 to 2011.[1]

Under the FLSA, an employer must pay a nonexempt employee overtime compensation of at least 1.5 times the regular rate of pay for each hour the employee works over 40 hours in one week. *Id.* § 207(a)(1). "This extra compensation for the excess hours of overtime work under the Act cannot be said to have been paid to an employee unless all the straight time compensation due him for the nonovertime hours under his contract (express or implied) or under any applicable statute has been paid." 29 C.F.R. § 778.315.

An employee must bring an FLSA action "within two years after the cause of action accrued," unless the employer willfully violated the FLSA, in which case the action "may be commenced within three years after the cause of action accrued." 29 U.S.C. § 255(a). "[A] violation is 'willful' if the employer either knew or showed reckless disregard for whether its conduct was prohibited by the statute." *Singer v. City of Waco, Tex.*, 324 F.3d 813, 821 (5th Cir. 2003) (quotation marks, ellipsis, and citations omitted).

---

[1] Grady also alleged that the District wrongfully terminated him in February 2011. He has since withdrawn his wrongful termination claim.

The District filed a motion for summary judgment on January 11, 2013, raising two issues: (1) whether Grady received a pay raise effective July 1, 2009, and was, therefore, not fully compensated from July 1, 2009, to February 21, 2011; and, if so, (2) whether the two- or three-year statute of limitations applies to Grady's FLSA claims.

Regarding the first issue, Grady alleges that he received a pay raise of 70 cents per hour for his custodial duties in the summer of 2009. The District, however, argues that Grady never received a raise in 2009 because the District's Board of Trustees ("the Board") did not approve the raise.[2]

Several documents support Grady's assertion that his hourly wage as a custodian increased to $13.67 per hour in July 2009, including minutes of the Board that indicate the Board's approval of a 70 cents per hour raise for custodians, pending approval of legislative funding, and a salary scale from May 2010 that includes the $13.67 per hour pay rate. *See* Docket No. 52-4, at 8, 13-15; Docket No. 53, at 8, 18-20; *see also* Docket No. 49-3, at 5. On the other hand, the District relies on testimony from employees such as Linda Spence, who was the District's Chief Fiscal Officer for the relevant years, and a Board Action memorandum dated April 18, 2011, to support its contention that the Board did not approve Grady's raise due to a lack of state funding. *See* Docket No. 51, at 2, 4; Docket No. 53-1, at 3-5.

The conflicting documents and testimony provided by the District demonstrate a genuine dispute of material fact regarding whether the Board approved wage increases for custodians in 2009. Summary judgment is, therefore, inappropriate on that issue. *See* Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.").

---

[2] Mississippi Code Annotated § 37-7-301(w) provides that school boards have the power and duty to "employ all noninstructional and noncertified employees and fix the duties and compensation of such personnel deemed necessary pursuant to the recommendation of the superintendent of schools."

Regarding the statute of limitations issue, Grady has introduced sufficient evidence to warrant a jury's determination of whether the District willfully violated the FLSA. *See Ikossi-Anastasiou v. Bd. of Supervisors of Louisiana State Univ.*, 579 F.3d 546, 552 (5th Cir. 2009) (footnotes omitted) ("Because willfulness is a question of fact, summary judgment in favor of the employer is inappropriate if the plaintiff has introduced evidence sufficient to support a finding of willfulness.").

For the foregoing reasons, the District's motion for summary judgment is DENIED.

**SO ORDERED**, this the 25th day of April, 2013.

s/ Carlton W. Reeves
UNITED STATES DISTRICT JUDGE